IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD CONRAD and BRENDA CONRAD, | § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 3:21-CV-1533-D |
| VS. | § § | |
| CINCINNATI INSURANCE COMPANY and JOHN W. SCHUSTER, | § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

In this property insurance coverage dispute that was removed based on diversity of citizenship, plaintiffs Richard and Brenda Conrad (the "Conrads") move to remand, contending that, like the Conrads, defendant John W. Schuster ("Schuster"), an employee of defendant Cincinnati Insurance Company ("Cincinnati") who adjusted their claim, is a Texas citizen. Cincinnati opposes the motion, maintaining that the Conrads improperly joined Schuster as a defendant. Because the court concludes in the specific context of this case that Cincinnati has failed to meet its heavy burden of proving improper joinder, the court grants the Conrads' motion and remands this case to state court.

I

This lawsuit arises in connection with a wind and hail storm that damaged the Conrads' property in Cedar Hill, Texas, which the Conrads insured under a residential

insurance policy (the "Policy") issued by Cincinnati.[1]  Following the storm, the Conrads filed a claim under the Policy.  Cincinnati assigned one of its employees, defendant Schuster, to adjust the claim, and retained EDT Engineering ("EDT"), an engineering firm, to assess the damage and causation.  Cincinnati concluded, with assistance from Schuster and EDT, that the inclement weather damage was limited and did not exceed the Conrads' deductible under the Policy.  The Conrads hired a public adjuster, who identified inclement weather damage that Schuster had not.  The Conrads then filed suit in Texas state court, originally suing only Schuster.  They then filed a first amended original petition ("amended petition") in which they added Cincinnati as a defendant.

In the amended petition, the Conrads allege claims against Schuster in connection with the handling of their claim for violations of the Texas Insurance Code (prompt payment of claims statute, unfair settlement practices/bad faith), negligence, and breach of the duty of good faith and fair dealing.  The Conrads assert claims against Cincinnati for breach of contract and declaratory judgment.  The specific claims that the Conrads appear to assert against Schuster are these[2]: Schuster misrepresented the true value and covered losses relating to the coverage at issue, in violation of Tex. Ins. Code Ann. § 541.060(a)(1); failed

---

[1]This factual history is drawn from the parties' state court pleadings pending at the time of removal and from the parties' briefing on the present motion to remand.

[2]The Conrads' amended petition does not recite by number the specific subsections of Tex. Ins. Code Ann. § 541.060 that Schuster allegedly violated.  The Conrads argue that, in substance, the amended petition alleges violations of § 541.060(a)(2), (3), (4), and (7). The court need not decide whether they are correct because their motion to remand turns on the viability of but one claim against Schuster.

to attempt to settle the claim in a fair manner, in violation of Tex. Ins. Code Ann. § 541.060(a)(2)(A); failed to explain promptly why Cincinnati denied coverage, in violation of Tex. Ins. Code Ann. § 541.060(a)(3); failed to conduct a reasonable investigation, in violation of Tex. Ins. Code Ann. § 541.060(a)(7); and failed to provide prompt payment of claims, in violation of Tex. Ins. Code Ann. § 542.051[3]; and he committed common law negligence and breached the duty of good faith and fair dealing.

Cincinnati timely removed this case based on diversity of citizenship, contending that Schuster, a Texas citizen, has been improperly joined.[4]   The Conrads move to remand, maintaining that Schuster was properly joined and that the parties are not completely diverse citizens because Schuster, like the Conrads, is a Texas citizen.   Cincinnati opposes the motion based on the doctrine of improper joinder.

## II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin*

---

[3]The Conrads maintain that Schuster violated this and following provisions of the Insurance Code by failing to acknowledge or investigate the claim or request forms from the Conrads that would be required, in violation of Tex. Ins. Code Ann. § 542.055; failing to notify the Conrads in writing of Cincinnati's acceptance or rejection of the claims, in violation of Tex. Ins. Code Ann. § 542.056; and delaying payment of the claims, in violation of Tex. Ins. Code Ann. § 542.058.

[4]Cincinnati is a citizen of Ohio because Ohio is both Cincinnati's place of incorporation and the location of its principal place of business.

*v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).[5]

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.).  The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction.  *See Smallwood*, 385 F.3d at 576.  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)).  Therefore, the removal statute

---

[5]This rule does not apply to a "snap removal," but the "snap removal" doctrine is not apposite here.  "Snap removal" means a "removal prior to service on all defendants" of an "*otherwise removable case.*"  It is permissible "even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."  *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485, 487 (5th Cir. 2020) (emphasis added).  But "snap removal deals with whether [the *procedural* forum-defendant rule] applies when a forum defendant is unserved—not whether there is diversity of citizenship for jurisdictional purposes."  *Bingabing v. Estate of Warren*, 2020 WL 3639662, at *2 (N.D. Tex. July 6, 2020) (Boyle, J.).

is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82.  In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281.  The party seeking removal bears a heavy burden to prove improper joinder.  *See Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court.  *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573).  Under the second alternative—the one at issue here—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery" (emphasis omitted)).  To assess "whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are

> cases, hopefully few in number, in which a plaintiff has stated
> a claim, but has misstated or omitted discrete facts that would
> determine the propriety of joinder.  In such cases, the district
> court may, in its discretion, pierce the pleadings and conduct a
> summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard.  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing).  This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 566 U.S. at 679 (brackets omitted) (quoting Fed. R. Civ. P. 8 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions."  *Iqbal*, 566

- 6 -

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Cincinnati maintains that the motion to remand must be denied because the Conrads did not move to remand within the 30-day period prescribed by 28 U.S.C. § 1447(c).[6] The court disagrees.

Section 1447 provides, in relevant part, that a "motion to remand the case on the basis of any defect *other than the lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under § 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). The Conrads are moving to remand on the ground that the court lacks subject matter jurisdiction because the parties are not completely diverse citizens. "By statute, remand is mandatory '[i]f at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction.'" *First Sw. Vending & Food Serv. v. Solo Cup Co.*, 2008 WL 1757822, at *3 (N.D. Tex. Apr. 9, 2008) (Fitzwater, C.J.) (emphasis added) (quoting *Garcia v. Boyar & Miller, P.C.*, 2007 WL 1556961, at *2 (N.D. Tex. May 30, 2007) (Fitzwater, J)). Accordingly, the 30-day limit imposed by § 1447(c) does not apply to the Conrads' motion, and their motion is timely because they filed it "prior to final judgment."

---

[6]Cincinnati removed the case on July 1, 2021. The Conrads filed their motion to remand on August 6, 2021, 36 days after the case was removed.

IV

The court now turns to the question whether Cincinnati, as the removing party, has

met its heavy burden of proving that Schuster was improperly joined.

A

At the outset, the specific context of this case bears emphasis.  This court has held

several times that, as a matter of law, adjusters cannot be held liable individually under

various provisions of the Texas Insurance Code, including § 541.060(a)(2)(A), they have

been improperly joined, and removal was proper.  *See, e.g., Gutierrez v. Allstate Fire & Cas.*

*Ins. Co.*, 2017 WL 2378298, at *3-5 (N.D. Tex. June 1, 2017) (Fitzwater, J.) ("An adjuster

'cannot be held liable under [§ 541.060(a)(2)(A)] because, as an adjuster, he does not have

settlement authority on behalf of the insurer.'" (quoting *Mainali Corp. v. Covington Specialty*

*Ins. Co.*, 2015 WL 5098047, at *3-6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.)); *Mainali*,

2015 WL 5098047, at *4 (same); *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL

6991277, at *3-5 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (same).  Because today's ruling

represents a departure from the court's prior decisions—but is not intended to signal an intent

to abandon the court's precedents—it is important to understand why the court is concluding

that a defendant-adjuster sued under § 541.060(a)(2)(A) has not been improperly joined.

Here, unlike in prior cases, the removing defendant (Cincinnati) does not argue

improper joinder on the ground that, *as a matter of law*, the adjuster (Schuster) cannot be

held liable in his capacity as an adjuster on any of the claims pleaded against him.[7]  Rather, Cincinnati bases its improper joinder argument on the ground that the Conrads' amended petition does not state any *factually sufficient* claims against Schuster.  Cincinnati challenges the adequacy of the Conrads' amended petition on the basis of its "near-verbatim recitations of the Texas Insurance Code" and "blanket, conclusory" statements.  D. Br. at 7, 9.  Accordingly, the question the court now decides is whether Cincinnati has met its heavy burden of proving—based on the factual allegations of the Conrads' amended petition—that there is no reasonable basis for the court to predict that the Conrads might be able to recover against Schuster on even one of the claims brought against him: in this instance, § 541.060(a)(2)(A).

B

Section 541.060(a)(2)(A) defines an unfair settlement practice as "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear."  Tex. Ins. Code Ann. § 541.060(a)(2)(A).

In their amended petition, the Conrads allege, in pertinent part, that Schuster

---

[7]Cincinnati does assert at one point in its opposition brief that, "absent allegations that Schuster was acting in anything other than a representative capacity *he cannot be held liable under the Texas Insurance Code*."  But in support of this assertion, it relies on *Santos v. State Farm Lloyds, Inc.*, 2006 WL 3779798, at *6 (W.D. Tex. Nov. 3, 2006).  *Santos*, like the instant case, was evaluating the factual basis on which to rest liability for improper joinder of an insurance adjuster—*not* a legal basis. The court thus concludes that Cincinnati is challenging the adequacy of the Conrads' amended petition rather than asserting as a matter of law that the Conrads cannot recover against Schuster on any claim asserted against him.

performed a "cursory, limited inspection and did not spend adequate time necessary to fully document the damages," P. Am. Pet. at ¶ 16, because he "missed, did not document, or otherwise adequately explain why he excerpted from his report" the additional damages the public adjuster "evidenced [by] an itemized damage assessment, cost estimate, and photograph[s]." *Id.* The public adjuster's additional damages include:

> an additional 18.70 square feet of roofing shingle squares; 150.70 linear feet of gutters; 128.14 square feet of additional charger for steep roof; 209.00 linear feet R&R Valley metal; 709.00 linear feet of R&R Drip Edge; 709.00 linear feet of seal and painting trim; 11 each of R&R flashing — pipe jack; 1 each of R&R vent — turtle type; 32.00 linear feet of step flashing; 4.00 linear feet of R&R Counterflashing — apron flashing; 1 each of R&R furnace vent — rain cap and storm collar; 1 R&R Exhaust Cap — through roof; 1 R&R flue cap oversized; 709.00 linear feet of asphalt starter — peel and stick; 196.00 square feet of material only sheathing — plywood.

*Id.* According to the amended petition, Schuster's inspection resulted in a "misleading" report that "communicated false information" about the "scope" of property damage and "misrepresented the pertinence of the weather event causing [the damage]," resulting in Cincinnati's "wholly dismissing the Conrads' claimed damages"; Schuster "failed to make an appropriate attempt to settle [the Conrads'] claim despite being aware of [Cincinnati's] liability" because Schuster "ignored" the public adjuster's report, "deliberately and/or negligently"; Schuster "did not attempt to reconcile" the discrepancies for "the purposes of hiding the merits of [the Conrads'] claims and hiding evidence of the damage"; Schuster "knowingly and/or recklessly made false representations" of the material property damage and/or "knowingly concealed [this] information"; and Schuster "failed to conduct a

- 10 -

reasonable investigation" because Schuster performed an "outcome-oriented investigation" that resulted in a "biased, unfair, and inequitable evaluation of [the Conrads'] losses." *Id.* at ¶¶ 16-20, 23.

Based on these factual assertions, the Conrads allege, *inter alia*, that Schuster engaged in unfair settlement practices by "[f]ailing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with respect to which the insurer's liability had became reasonably clear," P. Am. Pet. ¶ 37(b), i.e., a violation of Tex. Ins. Code Ann. § 541.060(a)(2)(A).

Applying the federal pleading standard, the court holds that Cincinnati has failed to meet its heavy burden of proving that there is no reasonable basis for this court to predict that the Conrads might be able to recover against Schuster. At a minimum, the Conrads have plausibly pleaded that Schuster violated § 541.060(a)(2)(A) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of their claim with respect to which Cincinnati's liability had become reasonably clear.[8]  The amended petition does this at least by alleging that Schuster conducted a cursory, limited inspection of the Property and knowingly disregarded damages, resulting in a misleading report that communicated false information to the Conrads about the scope of the damages to their property; failed to make an appropriate attempt to settle the Conrads' claim by ignoring the report of the public

---

[8]Because the court concludes that the amended petition sufficiently states a claim against Schuster for violating § 541.060(a)(2)(A), it need not predict whether the Conrads may be able to recover against Schuster on any other claim.

adjuster whom the Conrads had hired; did not attempt to reconcile the discrepancies in order to hide the merits of the Conrads' claims and hide evidence of the damage; and failed to conduct a reasonable investigation and instead performed an outcome-oriented investigation that resulted in a biased, unfair, and inequitable evaluation of the Conrads' losses.

Other members of this court have held, based on conceptually similar allegations, that removing defendants failed to prove that insurance adjusters sued under various provisions of § 541.060(a)—including § 541.060(a)(2)(A)—were improperly joined.

In *Griffin Street Management, Inc. v. State Farm Lloyds*, 2020 WL 4464305 (N.D. Tex. Aug. 3, 2020) (Godbey, J.), after noting that "federal district courts in Texas have repeatedly remanded cases where Chapter 541 claims were properly pled against insurance adjusters," *id.* at *2, Judge Godbey held that, under the federal pleading standards, the plaintiffs had adequately pleaded an insurance code claim against the adjuster, including a claim under § 541.060(a)(2)(A), for "'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement,' despite clear liability under the policy," *id.* at *3 (quoting § 541.060(a)(2)(A)). In support of this holding, Judge Godbey cited the plaintiffs' claims that the adjuster had conducted a substandard inspection; had underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of the plaintiffs' loss under the policy; had concluded that the property's roof had sustained minor damage and recommended minor repairs to the roofing and failed to recommend the removal and replacement of roof components/fixtures; had made this assessment despite plainly

- 12 -

visible damage on the roof and interior water damage that indicated a substantially compromised roof; and had applied patently excessive depreciation to items in his estimate, without sufficient annotations or notes regarding the age, condition, or wear of items to which he was applying depreciation *Id.* at *3.

In *Arrow Bolt & Electric, Inc. v. Landmark American Insurance Co.*, 2017 WL 4548319 (N.D. Tex. Oct. 12, 2017) (Lynn, C.J.), Chief Judge Lynn also noted that "[s]everal courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2), because the adjuster has the ability to effect or bring about the settlement of a claim." *Id.* at *3. She granted the plaintiff's motion to remand, concluding that the insurance adjuster defendant had not been improperly joined. Reviewing the plaintiff's state-court petition, she held that claims had been stated under several provisions of § 541.006(a) based on these allegations: the adjuster made numerous errors in estimating the value of the plaintiff's claim, all of which were designed to intentionally minimize and underpay the plaintiff's loss; failed to fully quantify the plaintiff's damages, and, instead, grossly undervalued the loss; did not conduct a thorough investigation of the claim, but instead conducted a substandard inspection of the property; grossly undervalued the estimated damages and did not allow for adequate funds to cover the cost of repairs to all the damages; failed to thoroughly review and properly supervise the inspection of the property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of the plaintiff's claim; and knowingly and intentionally overlooked damages at the property and used an inadequate and biased

- 13 -

investigation as the basis for erroneously denying a portion of the plaintiff's claim, as a result of which conduct the plaintiff's claim was underpaid and partially denied. *Id.* at *3. Chief Judge Lynn also relied on the plaintiff's allegation that the adjuster, without basis and with intent to damage the plaintiff, concluded that the admitted water intrusion throughout the subsurface of the roof was not the result of the admitted roof damage caused by the windstorm, a wrong determination that the adjuster intentionally made to undervalue the claim. *Id.*

In *Martinez v. State Farm Lloyds*, 2016 WL 4427489 (N.D. Tex. Aug. 22, 2016) (Lynn, C.J.), Chief Judge Lynn granted the plaintiff's motion to remand after concluding that he had sufficiently pleaded that the adjuster violated § 541.060(a)(2). *Id.* at *2, *3. She relied on the allegations of the state-court petition that the adjuster had conducted a substandard inspection of the plaintiff's property, considering the limited time he spent inspecting the plaintiff's property, and the inadequacy of his report, which failed to include all of the plaintiff's damages noted upon inspection; had underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate, for example, by improperly depreciating some of the damages when evaluating and estimating the cost to repair the plaintiff's property, and applying excess depreciation without any reasonable explanation or annotations in his estimate regarding the age and/or condition of the damaged items; and, ultimately, failing to properly scope the plaintiff's damages and underestimating the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to the plaintiff's property. *Id.* at *3. Chief Judge Lynn then held that "[s]ince

there is a reasonable basis, this Court finds that Plaintiff's Original Petition is sufficient under the federal pleading standard to state a claim against [the adjuster] under Tex. Ins. Code § 541.060(a)(2)(A)." *Id.* (citing *Iqbal*, 556 U.S. 662 at 678).

## C

As stated above, this court has previously held as a matter of law that certain claims are not viable against an adjuster individually. The court does not intend to signal its departure from these precedents in this decision, but is instead addressing the basis for improper joinder that Cincinnati presents: that Schuster has been improperly joined because the Conrads' pleadings are *factually insufficient* to state a claim against Schuster. In fact, the Conrads noted this distinction between a factual and legal challenge in their brief in support of their remand motion, stating: "We note that [Cincinnati] does *not* assert that the [amended petition] states no claim against Schuster that is recognized under Texas law. In other words, it does not dispute that the Conrads' claims are *legally*—as opposed to *factually*—cognizable." Ps. Br. at 13 (first emphasis in original). This ruling should therefore be understood in the specific context of this case.

\* \* \*

The Conrads' August 6, 2021 motion to remand is granted. The court concludes that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 68th Judicial District Court of Dallas County, Texas. The clerk of court shall effect

the remand in accordance with the usual procedure.

**SO ORDERED**.

November 3, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE